# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 27, 2011

Lyle W. Cayce
Clerk

No. 11-50149
Summary Calendar

Cons.w/No. 11-50150

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROBERTO PEREZ-RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-57-1

Before KING, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Roberto Perez-Rodriguez pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 15 months of imprisonment and three years of supervised release. The district court also revoked Perez-Rodriguez's supervised release from a prior illegal reentry conviction and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentenced him to eight months of imprisonment to be served consecutively to the 15 months.

In connection with the new illegal reentry offense, Perez-Rodriguez argues that his sentence is not reasonable as measured by the factors in 18 U.S.C. § 3553(a). He contends that the Guidelines did not account for his motive for returning, produced unwarranted sentencing disparities, and were not based on empirical data. He argues that the sentence imposed by the district court was unreasonable because it was greater than necessary to meet the goals of § 3553(a). He contends that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based and double counts the defendant's criminal history. He argues, in reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), that the presumption of reasonableness should not apply, but he concedes that his argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), and he raises the argument to preserve it for possible review by the Supreme Court. He further contends that the guidelines range did not properly account for his particular circumstances, most notably, his benign motive for reentering, which was out of fear of being murdered after witnessing the murder of his nephew in Juarez. He also asserts that the lack of a "fast-track" disposition program in the El Paso division of the Western District of Texas creates an unwarranted sentencing disparity, but he concedes that the issue is foreclosed.

Although Perez-Rodriguez did not expressly object at sentencing to the substantive reasonableness of his sentence, he did assert specific arguments in favor of a variance, and his arguments at sentencing are substantively identical to his assertions on appeal. He also repeated the request for a variance after the district court imposed sentence. Perez-Rodriguez arguably alerted the district court to the basis of his substantive unreasonableness argument and his appellate arguments may not be restricted to plain error review. However,

Perez-Rodriguez has not shown that the district court's imposition of a within-guidelines sentence of 15 months was improper under either the deferential *Gall* standard of review or the plain-error review of *Peltier*. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Perez-Rodriguez's argument concerning his alleged benign motive for reentry fails to rebut the presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007).

As he so concedes, Perez-Rodriguez's argument that the presumption of reasonableness should not apply to his sentence because § 2L1.2 lacks empirical support has been rejected by this court. S*ee United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009) (rejecting the notion that this court should examine the empirical basis behind each Guideline before applying the presumption of reasonableness); *see also Mondragon-Santiago*, 564 F.3d at 366-67. Perez-Rodriguez's argument that his guidelines range was greater than necessary to meet § 3553(a)'s goals as a result of "double counting" is unavailing. The Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement. *See* § 2L1.2, comment. (n.6). We have also rejected the argument that such double-counting necessarily renders a sentence unreasonable. *See Duarte*, 569 F.3d at 529-31. As Perez-Rodriguez further concedes, his argument that the lack of a "fast-track" disposition program in the El Paso division of the Western District of Texas creates an unwarranted sentencing disparity also is foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-64 (5th Cir. 2008).

In relation to his revocation sentence, Perez-Rodriguez contends that even if his 21-month sentence for the new illegal reentry offense was reasonable, the consecutive eight-month revocation sentence made his punishment excessive. He argues that we erred in *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.), *petition for cert. filed*, (May 27, 2011) (No. 10-10784), by deciding that the plainly

unreasonable standard of review applies to revocation sentences, and he raises this issue to preserve it for further review.

A district court has the discretion to order a sentence imposed upon revocation of supervised release to be served consecutively to any other sentence. 18 U.S.C. § 3584; *United States v. Gonzalez*, 250 F.3d 923, 929 n. 8 (5th Cir. 2001). Moreover, consecutive sentences are preferred under the policy statements of the Guidelines. U.S.S.G. § 7B1.3(f) & comment. (n.4). We have repeatedly upheld revocation sentences imposed to run consecutively to the sentences imposed for the underlying offenses leading to the revocation. *See United States v. Ramirez*, 264 F. App'x 454, 458-59 (5th Cir. 2008). Perez-Rodriguez's eight-month consecutive sentence upon revocation of his supervised release is not plainly unreasonable. *See Miller*, 634 F.3d at 844. Accordingly, Perez-Rodriguez's sentences are AFFIRMED.